Owen B. Walsh, Esq. Informal Opinion No. 99-04 County of Nassau Office of the County Attorney Nassau County Executive Building One West Street Mineola, New York 11501-4820
Dear Mr. Walsh:
You have requested an opinion regarding whether section 155 of the Nassau County Charter, which requires a mandatory referendum for local laws that abolish, transfer or curtail any power of an elective officer, is consistent with State law. While your letter also raises the issue whether certain amendments to the Charter constitute an abolition, transfer or curtailment of power, you have agreed to limit your inquiry to the first question. The second question would require that we construe provisions of law enacted by the County Legislature. We explained that this would be contrary to our long-standing policy to refrain from interpreting local enactments, a role which falls within the province of local officials familiar with local conditions and local legislative intent. Opinions of the Attorney General construe provisions of State law governing the powers of local governments and their officials.
Section 155 of the Nassau County Charter provides, in pertinent part, as follows:
 Local laws subject to mandatory referendum. No such local law shall become operative or effective unless and until the same is adopted by the electors of such county . . . if it . . . abolishes, transfers or curtails any power of an elective officer. . . .
The State Constitution provides that:
 After the adoption of an alternative form of county government [county charter] by a county, any amendment thereof by act of the legislature or by local law which . . . abolishes, curtails or transfers to another county officer or agency any power of an elective county officer . . . shall be subject to a permissive referendum as provided by the legislature. N Y Const, art IX, § 1(h)(2).
These two provisions are inconsistent in that the Nassau County Charter requires a mandatory referendum whereas the State Constitution calls for a permissive referendum as defined by State law.1 Article IX, section 3(b) of the State Constitution, however, contains a savings clause which provides that "[t]he provisions of this article shall not affect any existing valid provisions of acts of the legislature or of local legislation and such provisions shall continue in force until repealed, amended, modified or superseded in accordance with the provisions of this constitution." Therefore, we must determine whether section 155 of the Nassau County Charter falls within this savings clause.
Initially, section 155 was enacted by the State Legislature as part of Chapter 618 of the Laws of 1937. Section 155 derives from a prior provision of the State Constitution in effect at the time the Charter provision was enacted which provided that:
 After the adoption of a form of government by a county pursuant to subdivision two of this section [reference to alternative forms of county government, also called charters], . . . no law, special or local in its terms or in its effect, which . . . abolishes, transfers or curtails any power of an elective officer . . . shall become effective without adoption by the electors of such county. . . . NY Const, art III, § 26(4) (1929).
This provision required a referendum for local laws which abolished, transferred or curtailed any power of an elective officer. Accordingly, section 155 of the current Nassau County Charter was consistent with and derives from the New York State Constitution.
The County Charter's mandatory referendum provision in section 155 was consistent with State law when enacted, and was preserved by a savings clause in article IX, section 3 of the New York Constitution (1938). The Charter provision continued to be preserved during subsequent years. The current provision of the Constitution, article IX, section 3(b) (1963), contains a savings clause authorizing existing valid local legislation to continue in force until repealed, amended, modified or superseded. Therefore, under section 155 of the County Charter, a mandatory referendum is required for local laws which abolish, transfer or curtail any power of an elective officer.
We conclude that pursuant to the savings clause in article IX, section 3(b) of the State Constitution, section 155 of the Nassau County Charter requires a mandatory referendum for local laws that abolish, transfer or curtail any power of an elective officer.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Attorney General
In Charge of Opinions
YVONNE M. HOVE
Assistant Attorney General